IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DAVID RAY ADELE                                                                         PLAINTIFF

VERSUS                                          CIVIL ACTION NO.  1:15-cv-42-HSO-JCG

LOUIS GUIROLA, JR.                                                                   DEFENDANT

**MEMORANDUM OPINION AND ORDER
DISMISSING PLAINTIFF'S COMPLAINT**

Plaintiff, an inmate incarcerated at George County Regional Correctional Facility, Lucedale, Mississippi, filed the instant Complaint [1] against Defendant Judge Louis Guirola, Jr.  Plaintiff seeks damages in the amount of $12 million and that a new judge be appointed to decide *Adele v. Jackson*, civil action no. 1:14-cv-449-LG-RHW (S.D. Miss. Jan. 12, 2015).[1]  Compl. [1] at 4 .  Plaintiff has also filed a pleading entitled "Amendment to Civil Action Listed Above" which was docketed as an Amended Complaint [4] and will be considered by the Court along with the Complaint [1].  Having conducted the required screening of the allegations asserted in the Complaint [1] and Amended Complaint [4] pursuant to 28 U.S.C. § 1915, the Court concludes that Judge Guirola is immune from suit, and this Civil Action will be dismissed.

**I.  BACKGROUND**

Plaintiff filed the Complaint on a form used by prisoners filing under 42 U.S.C. § 1983.  Compl. [1].  Plaintiff claims that "[t]hrough the 1-12-15 [d]ismissal Louis

---

[1]Plaintiff's appeal of *Adele v. Jackson*, civil action no. 1:14-cv-449-LG-RHW (S.D. Miss. Jan. 12, 2015) is pending before the United States Court of Appeals for the Fifth Circuit.  *See Adele v. Jackson*, No. 15-60081 (5th Cir. filed Feb. 9, 2015).

Guirola, Jr. has committed fraudulent concealment, three distinct federal crimes under 18 U.S.C. [§] 1001, and makeing (sic) false entries under 18 U.S.C. [§§] 1506, 2071, 2073." *Id*. at 4.[2]  Plaintiff further alleges that Defendant Judge "Guirola conspires with Jackson et. (sic) al[.] to conceal (RLUIPA 2000) violations." *Id*. Plaintiff argues that "[r]egardless of appeal [,] Guirola[']s acts are criminal acts. Judicial immunity does not apply." *Id*.  Plaintiff attaches to his Complaint [1] a copy of the Notice of Objection/Appeal, Memorandum Opinion and Order of Dismissal, Order Denying Mandamus, and Final Judgment which were filed in *Adele*, civil action no. 1:14-cv-449-LG-RHW (hereinafter "Adele 1").

Plaintiff's Amended Complaint [4] presents additional claims concerning how Judge Guirola handled *Adele 1*.  Plaintiff's additional claims include challenges to when Judge Guirola ruled on Plaintiff's Motions, how Judge Guirola ruled on Plaintiff's Motions, and Plaintiff's assertion that Judge Guirola did not properly construe the allegations of the Complaint and Motions in *Adele 1*.[3]

---

[2]The Court takes judicial notice that a Memorandum Opinion and Order [12] and Final Judgment [14] were entered by Judge Guirola in *Adele 1* on January 12, 2015.  The Final Judgment [14] dismissed Plaintiff's case, dismissed the § 1983 claims for damages against Defendants Jackson and Lawrence with prejudice, and dismissed the § 1983 claims against Defendants Debar and Fairley with prejudice as frivolous. *See Adele 1*.

[3]Plaintiff also references another pending case in this Court in his Amended Complaint.  Am. Compl. [4] at 2.  The Court construes Plaintiff's reference to *Adele v. Goff*, civil action no. 1:14-cv-463-HSO-JCG, which is presently pending in this Court and concerns Plaintiff's religious materials being confiscated or lost, as support for his claim that his Motion for Evidentiary Hearing in *Adele 1* was meritorious.

## II.  ANALYSIS

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis,* and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  Since Plaintiff was granted *in forma pauperis* status by an Order [11] entered on March 10, 2015, § 1915(e)(2) applies to this case.

Plaintiff brought this matter as a civil complaint pursuant to 42 U.S.C. § 1983. To have a viable claim under 42 U.S.C. § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  A lawsuit against a federal actor for alleged violation of a plaintiff's constitutional rights is brought pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  *See Wightman v. Jones,* 809 F. Supp. 474, 475 (N. D. Tex. 1992) (determining that the complaint was properly considered under *Bivens*); *see also Wetzell-Sanders v. McBryde*, No. 4:09-cv-431, 2009 WL 3462055, *1 n.1 (N.D. Tex. Oct. 26, 2009) (construing plaintiff's complaint as a *Bivens* action instead of a § 1983 claim even though plaintiff "filed a form civil-rights complaint

seeking relief under 42 U.S.C. § 1983"). Plaintiff's present civil action will therefore be construed as a *Bivens* action.

The law is well established that a judge enjoys absolute immunity from suit for damages when performing within his judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). This includes federal judges who are sued under *Bivens*. *See Butcher v. Guthrie*, 332 F. App'x 161, 162 (5th Cir. 2009) (holding that judicial immunity applies to federal judges in a *Bivens* action). The United States Supreme Court has further held that claims of bad faith, malice, and corruption do not overcome absolute immunity. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967) (finding that "immunity applies even when the judge is accused of acting maliciously and corruptly")). Additionally, "[i]t is a well established rule that where a judge's absolute immunity would protect him from liability for the performance of particular acts, mere allegations that he performed those acts pursuant to a . . . conspiracy will not be sufficient to avoid the immunity." *Holloway v. Walker*, 765 F.2d 517, 522 (5th Cir. 1985) (citations omitted).[4] Judicial immunity can be overcome only by a showing that the actions complained of were non-judicial in nature, or by showing that the actions were taken in the complete absence of all jurisdiction. *Id.*; *see also Forrester v. White*, 484 U.S. 219, 220-21 (1988).

---

[4] Even if immunity was inapplicable, Plaintiff's conspiracy claim lacks merit because conclusory allegations which are not supported by material facts will not state a claim for conspiracy. *See McAfee v. Fifth Circuit Judges*, 884 F.2d 221, 222 (5th Cir. 1989).

The United States Court of Appeals for the Fifth Circuit has developed a four-factor test to use in determining whether a judge acted within the scope of his judicial capacity.  *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005).  The four factors are "(1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity."  *Id.*  Applying the four *Ballard* factors to this case, it is clear that Judge Guirola is entitled to judicial immunity.  *Id.*

The Court has liberally construed all of the allegations contained in the Complaint [1] and Amended Complaint [4], and finds that Plaintiff is challenging Judge Guirola's decisions rendered in *Adele 1* concerning the Motions and Complaint in that case.  *See* Compl. [1] and Am. Compl. [4].  Judge Guirola's actions clearly fell well within the normal judicial function, and there is no indication that his actions occurred outside the courtroom, his chambers/office, or other appropriate space, or were in any way non-judicial in nature.  Consequently, Plaintiff cannot maintain this civil action against Defendant Judge Guirola, as he is judicially immune.

### III.  CONCLUSION

Plaintiff's claims against Judge Guirola will be dismissed with prejudice because the Defendant is judicially immune from the instant civil action.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated above, this Civil Action is **DISMISSED WITH PREJUDICE** and all pending motions are **DENIED**. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 13th day of March, 2015.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE